UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwayne Harris,                                            Case No. 3:19-cv-1043

        Plaintiff,

    v.

                                                   MEMORANDUM OPINION
                                                           AND ORDER

Dane Sigworth, et al.,

        Defendants.

### I. INTRODUCTION AND BACKGROUND

On May 9, 2019, *pro se* Plaintiff Dwayne Harris, then an inmate at the Toledo Correctional Institution ("ToCI") in Toledo, Ohio, filed suit, alleging ToCI staff members and food-service contractors violated his rights by forcing him and other inmates to eat food served on trays that Harris alleges had feces on them. (Doc. No. 1). He also filed a motion to proceed in forma pauperis, (Doc. No. 2), which was subsequently granted. (Doc. No. 7).

Defendants[1] Lieutenant Copley, Captain Gross, and Dane Sigworth have filed motions to dismiss for failure to state a claim upon which relief may be granted, (Doc. No. 13, Doc. No. 17), as well as motions to vacate the order permitting Harris to proceed without first paying the filing fee in full. (Doc. No. 14, Doc. No. 18).

For the reasons stated below, I grant the motions to vacate.

---

[1] Service has not yet been completed on two additional defendants, Ms. Albain and Ms. Helm; The summons issued to those defendants were returned unexecuted. (Doc. No. 10). Harris has filed a motion for an order instructing the United States Marshal's Office to attempt to serve Ms. Albain again. (Doc. No. 15).

## II.  ANALYSIS

In certain circumstances, federal law permits a prisoner to proceed with litigation without prepaying the full amount of a filing fee if the prisoner demonstrates he is unable to pay that fee at the time the prisoner commences litigation.  28 U.S.C. § 1915(a)(1).  There is an exception to this rule, however: "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In order to fulfill the "imminent danger" exception, the allegations contained in a pro se plaintiff's complaint must identify a "threat or prison condition [which is] . . . real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  The pro se plaintiff must make a short and plain statement that, when liberally construed, alleges "a presently existing, continuing imminent danger."  *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).  Allegations that the plaintiff faced danger in the past are insufficient to invoke the imminent danger exception.  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted).

Harris acknowledges he previously has had three cases dismissed under § 1915.  (Doc. No. 1 at 5); *see also Harris v. Croft*, No. 2:12-CV-405, 2013 WL 775724 (S.D. Ohio Mar. 1, 2013).  He argues, however, that he is entitled to proceed without prepaying the filing fee in this case because the Defendants' use of food trays allegedly soiled with feces exposed him to Hepatitis.  *Id.*

Even if I take these allegations to be true, Harris fails to show he qualifies for the imminent-danger exception.  Harris alleges he was forced to eat off the contaminated tray on either March 5 or March 13, 2019.  (Doc. No. 1 at 5).  Documents Harris submitted along with his complaint show the

2

allegedly-contaminated trays were disposed of, and the food carts sanitized, on March 13. (Doc. No. 1-3 at 1). Harris did not file suit until May 9, 2019 – 57 days after he allegedly was exposed to Hepatitis. Thus, the danger of which Harris complains was no longer "presently existing" when he filed his complaint, *Vandiver v. Vasbinder*, 416 F. App'x at 562, and "[a]llegations of past dangers are insufficient to invoke the exception." *Taylor*, 508 F. App'x at 492 (citing *Rittner*, 290 F. App'x at 797-98).

I conclude, consistent with 28 U.S.C. § 1915(g), that Harris may not proceed in forma pauperis because he has had at least three case dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief could be granted, and because he fails to establish he was under imminent danger of serious physical injury at the time he filed his complaint. Therefore, I vacate the order granting leave to proceed in forma pauperis, (Doc. No. 7), and order Harris to pay the full amount of the filing fee before proceeding. The remaining pending motions will be held in abeyance until Harris complies with his fee-payment obligations.

### III.    CONCLUSION

For the reasons stated above, I grant the Defendants' motions to vacate Harris' in forma pauperis status. (Doc. No. 14, Doc. No. 18). Harris shall pay the full filing fee of $350, minus any amounts paid to date, within 30 days of the date of the entry of this Memorandum Opinion and Order. If Harris fails to pay the filing fee within the 30-day period, this case will be dismissed without prejudice for want of prosecution.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
