UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwayne Harris,                            Case No. 3:19-cv-1043

        Plaintiff,

    v.

                                          ORDER

Dane Sigworth, et al.,

        Defendants.

*Pro se* Plaintiff Dwayne Harris has filed a Rule 59 motion to alter or amend my September 21, 2020 order granting Defendants' motion to vacate Harris' in forma pauperis status and requiring him to pay the full filing fee. (Doc. No. 26). I granted Defendants' motion because Harris has had at least three actions dismissed under 28 U.S.C. § 1915 and he failed to show he qualified under § 1915(g)'s "imminent danger" exception. (*See* Doc. No. 24). Harris asserts I made "clerical mistakes in judgment, orders or other parts of the records and errors therein arising from oversight or omission may be corrected by this Honorable Court on its own initiative or on the Motion of plaintiff Dwayne Harris . . . ." (Doc. No. 26 at 1).

Defendants have filed briefs in opposition to Harris' motion. (Doc. Nos. 27 and 28). Harris filed a brief in reply. (Doc. No. 29).

Though Harris refers to his motion as one under Rule 59 of the Federal Rules of Civil Procedure, my order was not a final judgment and thus Harris' motion is in effect a motion for reconsideration. While "[d]istrict courts have inherent power to reconsider interlocutory orders,"

*Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991), the bar for granting a motion for reconsideration is set high. *See, e.g., Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (*citing Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)) ("The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977)).

In order to fulfill the "imminent danger" exception, the allegations contained in a pro se plaintiff's complaint must identify a "threat or prison condition [which is] . . . real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). The pro se plaintiff must make a short and plain statement that, when liberally construed, alleges "a presently existing, continuing imminent danger." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). Allegations that the plaintiff faced danger in the past are insufficient to invoke the imminent danger exception. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted).

Harris expands on his earlier filings to allege he has contracted Hepatitis C and argues that he satisfies the imminent danger exception because he now is at risk of developing serious liver problems. (Doc. No. 26 at 8). His arguments are not persuasive.

Taking Harris' allegations as true, he was not at risk of serious physical injury at the time he filed his complaint. He alleges he was exposed to Hepatitis C at least 57 days prior to the date on which he filed his complaint and that his first alleged exposure was over 6 months prior to the filing of his complaint. (Doc. No. 26 at 6). "Assertions of past danger will not satisfy the 'imminent danger' exception." *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011).

Nor does he allege he is not receiving adequate treatment for Hepatitis C now. *See Vandiver v. Prison Health Servs.*, 727 F.3d at 586 (holding a plaintiff can satisfy the imminent danger exception by alleging a failure to treat a chronic illness or condition such as Hepatitis C); *Tucker v. Corizon Corr. Health Care*, 2019 WL 2713289 at *2 (6th Cir. April 22, 2019) (affirming district court's denial of motion to proceed in forma pauperis where plaintiff did not establish he had been denied adequate medical care for his Hepatitis C). Moreover, the named Defendants are not responsible for providing treatment for Harris' Hepatitis C infection, as Harris no longer is incarcerated at the Toledo Correctional Institution.

Therefore, I deny Harris' Rule 59 motion. (Doc. No. 26). I will extend the filing-fee deadline one final time, in light of my resolution of Harris' motion. Harris shall pay the full filing fee of $350, minus any amounts paid to date, within 30 days of the date of the entry of this Order. If Harris fails to pay the filing fee within the 30-day period, this case will be dismissed without prejudice for want of prosecution. No further extensions of the payment deadline will be granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge