UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwayne Harris,                                                 Case No. 3:19-cv-1043

        Plaintiff,

    v.                                                          ORDER

Dane Sigworth, et al.,

        Defendants.

On May 9, 2019, *pro se* Plaintiff Dwayne Harris filed suit against staff members and food service contractors at the Toledo, Ohio Correctional Institution ("ToCI"), alleging they had violated his rights by forcing him and other inmates to eat food served on trays that Harris alleges had feces on them, which allegedly exposed Harris to Hepatitis C. (Doc. No. 1). I concluded Harris failed to show he was permitted to proceed without pre-paying the filing fee because he previously had had at least three lawsuits dismissed under 28 U.S.C. § 1915 and that he could not show he qualified under § 1915(g)'s "imminent danger" exception because he no longer was in danger of being exposed to Hepatitis C. (Doc. No. 24). I vacated Harris' in forma pauperis status on September 21, 2020, and ordered him to pay the filing fee in full within 30-days or have his case dismissed for want of prosecution. (*Id.* at 3).

Harris then filed a motion for reconsideration. (Doc. No. 26). He expanded upon his earlier filings to allege he in fact had contracted Hepatitis C and to argue that he satisfied the imminent danger exception because he now is at risk of developing serious liver problems. (*Id.* at 8). I again

concluded he failed to qualify for the imminent danger exception based upon assertions of past danger and because he did not allege he was not receiving adequate treatment for Hepatitis C. (Doc. No. 30 at 3) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 586 (6th Cir. 2013)). I also noted the named Defendants were not responsible for providing treatment for Harris' Hepatitis C infection, as Harris no longer is incarcerated at ToCI. (Doc. No. 30 at 3). I denied Harris' motion for reconsideration and extended the filing fee deadline one final time. (*Id.*).

Undeterred, Harris has filed a motion for leave to amend his complaint. (Doc. No. 31). Defendant Dane Sigworth has filed a brief in opposition to the motion to amend. (Doc. No. 33-1). Harris also filed a reply brief in support of his motion. (Doc. No. 34-3). Defendants Lieutenant Copley and W. Gross filed a response to Harris' reply brief. (Doc. No. 35).

Harris' proposed amendments do not entitle him to relief. Fifteen months after filing his complaint, Harris now claims he was "denied adequate medical treatments" on March 24, 2019, April 14, 2019, and May 4, 2019. (Doc. No. 31 at 4). Harris does not identify which person or persons allegedly denied him medical treatment and does not even claim that person is named as a defendant.

A plaintiff's motion to amend must be denied if the proposed amendments would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In order to state a plausible claim for relief and withstand a Rule 12(b)(6) motion to dismiss, the plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). Harris offers legal conclusions, not factual allegations, and therefore his proposed amendments are futile.

In his reply brief, Harris reiterates many of his arguments he presented in his motion for reconsideration. (Doc. No. 34-3) Specifically, he challenges my conclusion that he was not in

2

imminent danger of serious physical injury at the time he filed his complaint, arguing he had to exhaust his administrative remedies grievance system before bringing his § 1983 claims and that this requirement accounted for the delay in filing. (*Id.* at 5-6).

While Harris' pursuit of his administrative remedies, as required by 42 U.S.C. § 1997e(a), may explain the timing of his filing, it does not excuse his noncompliance with 28 U.S.C. § 1915. Section 1915 creates an exception for the mandatory filing-fee requirement for inmates who lack the funds to pay that fee at the time the complaint is filed, but takes away that exception for inmates who previously have had three or more actions dismissed as frivolous, malicious, or for failing to state a claim for relief, unless the inmate is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This requirement is separate from § 1997e's requirement that an inmate exhaust administrative remedies before bringing a lawsuit under § 1983 alleging the inmate's constitutional rights were violated. *See, e.g., Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) (distinguishing between § 1997e and the imminent danger of serious physical injury exception found in § 1915(g)); *Coleman v. Washington*, No. 2:18-CV-13171, 2020 WL 6389832, at *7 n.9 (E.D. Mich. June 11, 2020), *report and recommendation adopted,* No. 18-13171, 2020 WL 4932110 (E.D. Mich. Aug. 24, 2020) ("Section 1915, which concerns the determination of *in forma pauperis* status, is not germane to the exhaustion issue currently before the Court.").

Harris also mischaracterizes my observation that "the named Defendants are not responsible for providing treatment for Harris' Hepatitis C infection, as Harris no longer is incarcerated at ToCI." (Doc. No. 30 at 3). I did not say, as he claims, that "his case is moot." (Doc. No. 34-3 at 7). Instead, I responded to his allegations that he had not received proper medical care at ToCI by concluding he did not satisfy § 1915(g)'s imminent danger exception because he did not allege he currently was not receiving proper medical treatment at the Mansfield Correctional Institution.

3

Harris' objection, (Doc. No. 34-3 at 7-8), that Aramark Corporation provides food service at all Ohio Department of Rehabilitation and Correction facilities is not persuasive, because Aramark does not provide medical care and Aramark itself is not a defendant in this litigation.

    For these reasons, I deny Harris' motion to amend. (Doc. No. 31). Harris did not comply with my order requiring him to pay the full filing fee by December 30, 2020, (Doc. No. 30), and therefore I dismiss this case for want of prosecution. All other pending motions are denied as moot.

    So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge